IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. STALLINGS, SR., (#81720), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-1839-S-BN |
| MR. BEAVERS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert E. Stallings, Sr., a federal defendant detained at the Kaufman County jail, brings this *pro se* civil rights action challenging restrictions imposed by his placement in medical separation. *See* Dkt. No. 3.

His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice for failure to state a claim on which relief may be granted.

**Legal Standards and Analysis**

Stallings's status as a federal detainee housed at a county jail, presumably under a contract between the Bureau of Prisons and Kaufman County, does not appear to convert this ostensible action under 42 U.S.C. § 1983 into one under *Bivens v. Six*

*Unknown Agents*, 403 U.S. 388 (1971). *See Henderson v. Thrower*, 497 F.2d 125, 125-26 (5th Cir. 1974) (per curiam).[1] And, for screening purposes, the undersigned proceeds as if this is a Section 1983 action, because Section 1983 is arguably broader in scope than *Bivens*. *See, e.g., Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (*Bivens*, unlike Section 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights. Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.").

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S.

---

[1] *Cf. Naranjo v. Thompson*, 809 F.3d 793, 806 n.16 (5th Cir. 2015) (raising but deferring decision on a "thorny question" that "no circuit has answered: whether private companies managing county-owned prisons housing federal prisoners are proper § 1983 defendants" (brackets omitted)); *Parks v. Terrebonne Parish Consol. Gov't*, Civ. A. No. 16-15466, 2017 WL 699838, at *8 (E.D. La. Feb. 22, 2017) (If the defendant "is a private actor, 'the challenged "conduct allegedly causing the deprivation of a federal right" must be "fairly attributable to the State" for Section 1983 to apply.'" (quoting *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016))).

Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); citation omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45). "At the outset, the Court must determine whether a plaintiff alleging violations of his Fourteenth Amendment rights is challenging a condition of confinement or an 'episodic act or omission.'" *Campos v. Webb Cnty. Sheriff's Dep't*, No. 5:12-CV-7, 2014 WL 1379668, at *5 (S.D. Tex. Apr. 3, 2014) (citation omitted).

> If the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating a municipal entity's or individual jail official's actual intent to punish because, ... intent may be inferred from the decision to expose a detainee to an unconstitutional condition. A condition is usually the manifestation of an explicit policy or restriction: the number of bunks per cell, mail privileges, disciplinary segregation, etc. In some cases, a condition may reflect an

> unstated or *de facto* policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice."

*Shepherd*, 591 F.3d at 452 (first citing *Scott v. Moore*, 114 F.3d 51, 53 n.2 (5th Cir. 1997) (en banc), then quoting *Hare*, 74 F.3d at 645); *see also Montano v. Orange Cnty., Tex.*, 842 F.3d 865, 874 (5th Cir. 2016) ("[T]hree elements must be established to prove an unconstitutional condition of confinement: '(1) "a rule or restriction or ... the existence of an identifiable intended condition or practice ... [or] that the jail official's acts or omissions were sufficiently extended or pervasive"; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [a detainee's] constitutional rights.'" (citation omitted)).

Assuming Stallings challenges a condition of his confinement – and need not allege an intent to punish him – the condition he challenges, his placement in medical separation, under which he is "allotted 1 hour of dayroom time per day," which "includes 1 hour of television, phone, and shower," Dkt. No. 3 at 6, is "not objectively serious enough to rise to a constitutional claim," *Taggart v. MacDonald*, 131 F. App'x 544, 546 (9th Cir. 2005) (per curiam) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see McGarrah v. Kimbrow*, No. 3:14-cv-2055-B-BK, 2015 WL 105228, at *4 (N.D. Tex. Jan. 6, 2015) ("To make out a constitutional claim based on prison conditions, a detainee must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. An objectively, sufficiently serious injury is one that denies the detainee 'the minimal

civilized measure of life's necessities.'" (quoting *Farmer*, 511 U.S. at 834 (quoting, in turn, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); citations and internal quotation marks omitted)).

## Recommendation

The Court should dismiss this action with prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE